**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

————————————

No. 21-3166

————————————

SITU KAMU WILKINSON,
                                             Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA

————————————

On Petition for Review of a Final Order of the
Board of Immigration Appeals
(Agency No. A216-647-581)
Immigration Judge: Robert M. Lewandowski

————————————

Submitted Under Third Circuit L.A.R. 34.1(a)
on June 23, 2022

Before: McKEE, RESTREPO, and BIBAS, *Circuit Judges*

(Filed: September 19, 2022 )

————————————

**OPINION**[*]

————————————

BIBAS, *Circuit Judge*.

Not all foreigners who have suffered abroad count as refugees. To qualify, they must

show that they have suffered because they belong to a well-defined, socially recognized

group. But "people who have filed complaints against Trinidadian police" is not socially

———————————————

[*] This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding
precedent.

distinct enough to count as such a group. We will thus dismiss in part and deny in part the petition for review.

Situ Wilkinson is from Trinidad and Tobago. In 2003, while looking for someone else, police came to the house where he was staying and beat, robbed, and threatened to kill him. When he first reported this to local police, the intake officer dismissed his account. He later learned the names of the officers involved, went to the capital city, and filed a formal complaint. In response, the police stopped him on the street, hit him with a gun, fired shots near him, and brought him to the station. There, they threatened to kill him unless he stopped complaining about them. So he agreed and laid low.

A few weeks later, Wilkinson came to America on a tourist visa but overstayed. He built a life here and fathered a U.S.-citizen son. His son, now eight, suffers from asthma, eczema, and behavioral issues. Though the son lives with his mother, Wilkinson supports him financially and spends quality time with him.

In 2019, Wilkinson was arrested for selling crack cocaine, and immigration authorities began proceedings to deport him. He conceded that he was deportable, but sought cancellation or withholding of removal. For cancellation, he needed to show that removal would cause "exceptional and extremely unusual hardship" to his son. 8 U.S.C. § 1229b(b)(1)(D). An immigration judge found that he could not do so. For withholding of removal, he needed to show that if he returned to Trinidad, his "life or freedom would be threatened" there because of his "membership in a particular social group." § 1231(b)(3)(A). Again, the immigration judge found that he could not make that showing. The Board of Immigration Appeals affirmed the immigration judge's decision without issuing an opinion.

2

Wilkinson first argues that the hardship his son faces is indeed exceptional. But that decision is discretionary, so we lack jurisdiction to review it. 8 U.S.C. §1252(a)(2)(B)(i); *Patel v. Garland*, 142 S. Ct. 1614, 1622 (2022); *Hernandez-Morales v. Att'y Gen.*, 977 F.3d 247, 249 (3d Cir. 2020). Because we cannot reach the merits of Wilkinson's cancellation request, we must dismiss that part of his petition.

Wilkinson also renews his claim that he should not be removed because he faces persecution for his membership in a "particular social group." *See* 8 U.S.C. §1231(b)(3)(A). We review de novo the immigration judge's conclusion that a particular social group does not exist. And we review for substantial evidence his underlying factual determinations. *Guzman Orellana v. Att'y Gen.*, 956 F.3d 171, 177 (3d Cir. 2020). To show membership in a particular social group, Wilkinson must prove that:

- Group members "share a common immutable characteristic";

- The group is "defined with particularity"; and

- The group is "socially distinct within the society in question."

*S.E.R.L. v. Att'y Gen.*, 894 F.3d 535, 540 (3d Cir. 2018) (internal quotation marks omitted).

Wilkinson cannot show that his group is socially distinct. That prong requires that members of society, not just persecutors, "perceive a proposed group as sufficiently separate or distinct." *S.E.R.L.*, 894 F.3d at 550–51 (internal quotation marks omitted). The immigration judge found that Wilkinson had not introduced enough evidence of social distinction. Wilkinson responds that "members of the public" saw the police hit him, shoot near him, and whisk him away. Pet'r's Br. 23. But Wilkinson does not claim that these people knew that he had complained about the police. Indeed, those complaints happened in private, at

3

the police station. *Cf. Guzman Orellana*, 956 F.3d at 179–80 (holding that a group was socially distinct in El Salvador because members had helped police "in public").

Wilkinson did suffer at the hands of Trinidadian police, and his son will suffer from his deportation. But he was not singled out because he belonged to a socially distinct group. So we will dismiss his petition in part and deny the rest.